IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| SEIVERS ENTERPRISES, INC. | ) | Bankruptcy No. 04-10477 |
| | ) | Chapter 7 |
| Debtor | ) | Adversary No. 05-1036 |

| | | |
|---|---|---|
| TAMERA OCHS ROTHSCHILD, | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 2: 05-cv-0890 |
| | ) | |
| TIMOTHY J. SEIVERS, KAREN L. | ) | |
| SEIVERS, ECHOTA SMOKY MOUNTAIN | ) | |
| RESORT LLC, ECHOTA CORPORATION, | ) | |
| ECHOTA DEVELOPMENTS LP, ECHOTA | ) | |
| PROPERTIES LLC, ECHOTA RESORT LLC, | ) | |
| ECHOTA RESORT MANAGEMENT | ) | |
| CORPORATION, ECHOTA SALES & | ) | |
| MARKETING INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Presently before the Court for disposition is the MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO WITHDRAW THE REFERENCE filed by Karen L. Seivers (*Document No. 5*). For the reasons that follow, the motion will be denied.

All parties, counsel, and the Court are familiar with the background facts of this case and, therefore, the Court will not the recite the facts again. *See* Memorandum Order filed July 22, 2005 in which the Court denied the Motion to Withdraw the Reference filed by Defendant Karen L. Seivers.

The Court will consider the instant Motion for Reconsideration as one brought pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend a judgment. Generally a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Hirsch Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).

Defendant Karen L. Seivers argues that the Court should reconsider its denial of her Motion to Withdraw Reference because she "has a constitutional right to a jury trial and cannot be compelled to consent to Bankruptcy Court jurisdiction for such a trial." Mot. at ¶ 16. However, "assertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the Bankruptcy Court is not of itself sufficient cause for discretionary withdrawal." *In re Winstar Communications, Inc.*, 321 B.R. 761, 763 (D. Del. 2005). "It is well-settled that 'a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial.' " *Id.* (*quoting In re Apponline.Com., Inc.,* 303 B.R. 723, 727 (E.D. N.Y. 2004)). As the district court in *Apponline.Com* noted:

> [a] rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district court and bankruptcy courts. Although withdrawal is an important component of this scheme, the court must employ it judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy.

*In re Apponline.Com.,* 303 B.R. at 727 (*quoting In re Kenai Corp*., 136 B.R. 59, 61 (S.D.N.Y. 1992)).

While it is not disputed that Defendant Karen L. Seivers timely requested a jury trial, it is also not disputed that she did not timely file her Motion to Withdraw the Reference. Bankruptcy Local Rule 9015-1(c)(2) requires that a motion for withdrawal of reference be filed within <u>thirty (30) days</u> of the jury trial demand. This she did not do. Rather, Karen L. Seivers filed her Motion to Withdraw the Reference seventy (70) days after her jury trial demand, well outside the time frame established by Local Rule 9015-1(c).

The Court remains satisfied that the timing of the request for withdrawal supports its previous conclusion that the adversary proceeding should remain in Bankruptcy Court. The adversary proceeding has been in Bankruptcy Court since March 2, 2005, and is scheduled for trial for September 14 and 15, 2005 and September 21-22-23, 2005.

Accordingly, the Motion for Reconsideration is **DENIED**.

So **ORDERED** this 29th day of July, 2005.

BY THE COURT:

s/ Terrence F. McVerry, Judge
United States District Court

cc:  The Honorable Warren W. Bentz,
    Judge, United States Bankruptcy Court
    5430 USX Tower
    600 Grant Street,
    Pittsburgh, PA 15219

    Theodore S. Hopkins,
    Clerk, U.S. Bankruptcy Court
    5414 USX Tower
    600 Grant Street
    Pittsburgh, PA 15219

    Thomas James Minarcik, Esquire

    Lori R. Miller, Esquire

    Robert O. Lampl, Esquire

    Donald R. Calaiaro , Esquire